UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Matter of
JASMINE MAGRIZ

No. 24-23022

**STATEMENT OF DEBTOR'S COUNSEL**

1. My name is Nathaniel Strand and I have been the attorney for Ms. Jasmine Magriz in the above captioned case. Ms. Magriz's car was recently repossessed by Chrysler Capital and she has brought this motion to relieve me as counsel and to reopen the bankruptcy case. As ordered, on 4/3/25 I served a copy of this court's 4/2/25 order via overnight mail and to two different fax numbers of Chrysler Capital. I do not oppose being relieved as counsel and indeed my withdrawal is required under RPC 1.16(b)(3). I also do not oppose Ms. Magriz's *pro se* reopening of this bankruptcy case, although her statements need some correction and clarification.

2. In her submission, Ms. Magriz writes that I "verbally confirmed that a reaffirmation agreement had been signed" during the 341 meeting. Ms. Magriz goes on to write that "Nathaniel Strand reassured me multiple times, via correspondence, that the reaffirmation agreement was in place." In fact, no reaffirmation agreement has been signed or offered by Chrysler Capital. Ms. Magriz is several months behind on her car payments, her most recent one having been made in January of this year, and it is my understanding that Chrysler Capital wanted her to become current on these payments. Ms. Magriz may be confusing a reaffirmation agreement with the *original* sale contract for her vehicle that she signed on 2/25/21, which we provided to the trustee in December of 2024.

3. Just for the record, I did not categorically refuse to communicate with Ms. Magriz by telephone. Here is the actual email to which she is referring in her submission:



4. Also, just for the record, although she describes me as seriously negligent, Ms. Magriz was previously very happy and enthusiastic about my service. However, on 3/17/25, I informed Ms. Magriz that, contrary to both of our expectations, her prepaid legal plan was not going to directly reimburse me for my $750 legal fee in this matter, and that she would have to pay me this $750 out of pocket and seek reimbursement on her own. Ms. Magriz did not pay me, and, shortly after receiving this news, filed these *pro se* papers terminating me and blaming me for the repossession of a car on which she has not made payments for three months. At the risk of sounding cynical, I believe that Ms. Magriz is falsely accusing me of negligence in order to avoid paying me.

5. In sum, Chrysler Capital never offered or signed a reaffirmation agreement. It is my understanding that they wanted Ms. Magriz to become current on her car payments, which she has not made since January of this year, and that if she does so, she may still be able to get her vehicle back. I wish her luck with this.

I affirm this seventh day of April, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

                                                    Respectfully submitted,

                                                    Nate Strand, Attorney
                                                    399 E 78th St Apt 1D
                                                    New York NY 10075
                                                    (646) 737-4639
                                                    nate.strand@icloud.com